# Commonwealth v. Sodomsky

C.P. of Berks County, No. CP-06-CR-1025-2005

SPRECHER, *J.*, July 1, 2014—The Commonwealth appeals the order dated April 25, 2014, which granted defendant's suppression petition. This opinion is filed pursuant to Pa. R.A.P. 1925 and supplements the discussion which accompanies the suppression order.

## FACTS

The facts of this case are set forth in this court's opinion docketed on June 2, 2011, which was written for the Commonwealth's appeal of the suppression order dated March 18, 2011. This court notes that in the discussion which accompanied the instant suppression order, this court mistakenly stated that defendant, Kenneth F. Sodomsky, took his computer to Best Buy instead of Circuit City for repairs.

After the Superior Court reversed and remanded the case to this court for further proceedings, defendant again filed a suppression petition based on *United States v. Jones*, 615 F. 3d 544 (2012) which was decided on

January 23, 2012, after the Commonwealth's appeal of the prior suppression order. In *Jones*, the United States Supreme Court held that the Fourth Amendment protects people against unreasonable searches and seizures of their effects. Based on the *Jones* decision and for the reasons stated in the accompanying decision to the suppression order, this court granted defendant's third suppression motion. The Commonwealth filed a timely appeal to the suppression order.

## ISSUES

The Commonwealth raises the following issues in its concise statement of errors complained of on appeal.

1. Whether this court erred by granting defendant's motion to suppress.

2. Did this court err by re-opening the suppression hearing in this case when *United States v. Jones* was decided before the Superior Court of Pennsylvania made its decision on the last appeal, and before the Supreme Court of Pennsylvania denied allocator, and, before the U.S. Supreme Court denied allocator in the last appeal.

3. Whether defendant has identified any intervening changes in the law that would have affected the resolution of the issues raised by defendant during the prior appeal in this case.

4. Did this court err in holding that law enforcement officers interfered with defendant's possessory interest in his computer, or engaged in a physical intrusion of his computer property to the extent that they committed a trespass for the purpose of obtaining information, thereby violating defendant's fourth amendment rights.

## DISCUSSION

The Commonwealth's first and fourth issues have been addressed by this court in the decision accompanying the instant order and need no further discussion. Therefore, this court shall address the Commonwealth's second and third issues collectively.

The United States Supreme Court decided *Jones* after this court had rendered its decision in this case and after the Commonwealth had filed its concise statement of errors complained of on appeal. Therefore, neither this court nor the parties had an opportunity to raise or address the *Jones* decision as it pertained to the case *sub judice*. Since it was not addressed by anyone, it was never an issue before the Superior Court and was immaterial to the Superior Court's decision. For these reasons, this court entertained defendant's newest suppression petition.

Prior to *Jones*, the United States Supreme Court deviated from an exclusively property-based approach to a standard based on a person's reasonable expectations of privacy in deciding search and seizure cases. The newer standard proclaims that the Fourth Amendment protects people, not places. The Pennsylvania courts also adopted this theory which was applied in the two prior suppression petitions. The Superior Court in the case *sub judice* stated as follows:

A search within the meaning of the Fourth Amendment occurs when an expectation of privacy that society is prepared to consider as reasonable is infringed. Under state constitutional principles, we employ the same two-part test used by the United States Supreme Court to determine the extent of Fourth Amendment protection, that is, we first decide whether a person has established a subjective expectation of privacy in the place searched, and then determine whether the

expectation is one that society is prepared to recognize as reasonable and legitimate.

Superior Court opinion 3/27/12, 10-11. Applying that standard to the case at bar, the Superior Court found that defendant "did not have a legitimate expectation of privacy in video files on his computer."

Thus, the Superior Court, in previously deciding the instant case, did not consider defendant's property interest in the computer. Defendant owned the computer and never abandoned his ownership of it. *Jones* may not be entirely new law, but it reaffirmed that the government's physical intrusion on an "effect" for the purpose of obtaining information constitutes a "search" and that this type of encroachment on an area enumerated in the fourth amendment would have been considered a search within the meaning of the amendment at the time it was adopted. It is new law in the sense that the expectation of privacy standard is no longer the exclusive test to determine if a search violates the fourth amendment. Thus, this approach is the equivalent to new law because it had not been applied since the expectation of privacy standard was enunciated in *Katz v. United States*, 389 U.S. 347 (1967) and was not applied or addressed by the Superior Court in the case sub judice.

For these reasons and those addressed in the decision which accompanied the suppression order that is the subject of this appeal, this court submits that the evidence must be suppressed due to the government's illegal encroachment into defendant's computer to obtain information without a search warrant and the Commonwealth's appeal denied.

For the foregoing reasons, the court respectfully requests that the defendant's appeal be denied and his sentence affirmed.